IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                         No. 19-cr-2311 KG

JOSE ANGEL LUGO-MARIN,

    Defendant.

ORDER REGARDING FELONY CLASSIFICATION

    This matter is before the Court on Defendant Jose Angel Lugo-Marin's Letter Regarding Sentence Classification. (Doc. 56) (Letter). In the Letter, Defendant asks the Court to reclassify his felony conviction for transporting illegal aliens (8 U.S.C. § 1324(a)(1)(A)(v)(II)) to a misdemeanor offense. Defendant notes that having a felony record impacts his ability to find housing and employment near his family. He seeks clemency and/or guidance on how to obtain the requested relief.

    While the Court is sympathetic to Defendant's situation, district courts do "not have inherent power to resentence defendants" or modify criminal judgments. *United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996). Courts may modify a defendant's sentence only where Congress has expressly authorized it to do so. *United States v. Gay*, 771 F.3d 681, 686 (10th Cir. 2014). Ordinarily, the proper vehicle for a federal inmate seeking to modify his federal criminal judgment is a habeas corpus petition under 28 U.S.C. § 2255. *See Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). Where, as here, a defendant is no longer in custody and therefore ineligible for relief under 28 U.S.C. § 2255, a defendant may seek a writ of coram nobis.

*See United States v. Estrada,* 580 Fed. App'x. 672, 673 (10th Cir. 2014) ("A coram nobis request under the All Writs Act, 28 U.S.C. § 1651(a), may be considered when the movant is … ineligible for habeas corpus relief under 28 U.S.C. § 2255").

Based on this authority, Defendant's request for equitable relief/clemency must be denied. Defendant may file a petition for writ of coram nobis. However, he is notified that "such a remedy is rarely available." *Rawlins v. Kansas,* 714 F.3d 1189, 1196 (10th Cir. 2013). "Federal courts are only permitted to entertain coram nobis applications in extraordinary cases presenting circumstances compelling its use to achieve justice." *Id.* (quotations omitted). There is no authority permitting courts to reclassify a felony conviction as a misdemeanor. *See United States v. Payne,* 54 F.4th 748, 752 (4th Cir. 2022) ("To the extent that [Defendant] has requested a declaration reclassifying him as a misdemeanant so he can escape the collateral consequences of is felony conviction, the district court simply had no statutory authority to grant that relief").

IT IS ORDERED:

1. Defendant Jose Angel Lugo-Marin's Letter Regarding Sentence Classification (Doc. 56) is denied, to the extent he seeks clemency or equitable relief.

2. Defendant may file a petition for writ of coram nobis, if he still seeks to modify his criminal judgment.

_____
UNITED STATES DISTRICT JUDGE

2